UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JASMINE M. LEE,

Plaintiff,

v.

THE SHADE TREE, INCORPORATED,

Defendant.

Case No. 2:26-cv-02320-MMD-EJY

**ORDER**

Pending before the Court are Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Civil Rights Complaint alleging violations of 42 U.S.C. § 1981. ECF Nos. 1, 1-1. Plaintiff's IFP is granted below. The Court finds Plaintiff's disparate treatment and retaliation claims based on race will proceed. The Court dismisses Plaintiff's hostile work environment claim without prejudice and with leave to amend.

## I. Screening Standard

When reviewing a complaint filed by a *pro se* plaintiff, the Court must identify any cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

That is, *pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Allegations of a *pro se* complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under

Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying … [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II. Discussion**

Plaintiff, a Black woman, alleges that while employed by Defendant from April 2019 through August 2, 2022 she was excluded from employer-sponsored health and life insurance benefits; she failed to receive any raises to her pay when those outside her protected class received raises; she suffered a hostile work environment based on race and religion; and she was retaliated against when terminated for engaging in protected activity through complaints made to Defendant's board of directors as well as through various state and federal agencies. Plaintiff avers the EEOC found cause to believe Defendant engaged in race and religious "harassment, and that a class of individuals experienced similar harassment at the same location."[1] ECF No. 1-1 ¶ 8.

---

[1] Plaintiff's Complaint pleads claims only on her own behalf—not on the behalf of others, which she cannot do when proceeding *pro se*. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases noting courts routinely prohibit *pro se* plaintiffs from representing others); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing [*pro se*] has no authority to represent anyone other than himself.").

All three of Plaintiff's identified causes of action are pleaded under 42 U.S.C. § 1981 and are based solely on race.[2] *Id.* at 9 ¶¶ 25-26 (hostile work environment), at 10 ¶¶ 28, 29 (discrimination), at 10-11 ¶¶ 31-32 (retaliation). Plaintiff explains she is engaged in conciliation efforts with Defendant through the EEOC, does not waive any claim based on Title VII or other laws that may apply, and brings her instant claims as they are subject to a four year statute of limitations that is about to run. *Id.* ¶ 9.

In *Jones v. R.R. Donnelley & Sons, Co.,* 541 U.S. 369, 382, (2004), the United States Supreme Court made clear that a cause of action arising under § 1981 (as amended in 1991), which is after Congress enacted 28 U.S.C. § 1658's 4 year statute of limitations, is governed by § 1658 when a plaintiff's claim against a "defendant was made possible by a post–1990 enactment." Based on case law from this district applying the holding in *Jones*, the Court finds Nevada's four year catch-all statute (NRS 11.220) applies to all three of Plaintiff's race based claims. *Moore v. Natural Life Inc.*, Case No. 2:19-cv-02185-JAD-DJA, 2020 WL 5044135, at *2 (D. Nev. Aug. 25, 2020) *citing Jones*, 541 at 384. The Court further finds Plaintiff asserts facts sufficient to facially state different treatment in the terms and conditions of employment based on race, she engaged in protected activity, and a causal connection between that protected activity and her discharge. ECF No. 1-1 ¶¶ 7, 10-11, 22. Thus, Plaintiff's second and third causes of action may proceed.

Plaintiff's hostile work environment claim states that racial slurs were used in the workplace while she was employed, a security guard was not disciplined after sending a racially offensive email to all staff, and "the harasser" was sent to a meeting she was attending after she had complained about that individual's "racial conduct." *Id.* ¶ 12. To state a hostile work environment claim, a plaintiff must allege that "(1) she was subjected to verbal or physical conduct because of her race, (2) the conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of … [her] employment and create an abusive work environment." *Martin v. Clark County*, Case No. 2:19-cv-01623-APG-DJA, at *3 2020 WL 5518608 (D. Nev. Sept. 14, 2020) *quoting Manatt v. Bank of Am.*, 339 F.3d 792, 798 (9th Cir. 2003).

---

[2] Section 1981 does not apply to claims based on religious discrimination. *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1167 n.3 (9th Cir. 2007).

Plaintiff pleads facts demonstrating there was unwelcomed race-based conduct to which she was subjected. Unfortunately, however, these facts do not demonstrate severe or pervasive conduct sufficient to establish an alteration in the conditions of Plaintiff's employment. That is, it is unclear if the use of racial slurs, which are never appropriate, were severe or pervasive. There are no specifics alleged regarding the racial slurs, and the email and meeting event about which Plaintiff complains each appear to have occurred only once. Thus, the Court finds Plaintiff does not state facts establishing a hostile work environment claim. However, Plaintiff may be able to cure this deficiency by adding facts that flesh out this claim in a First Amended Complaint. Thus, Plaintiff is granted leave to amend her Complaint.

## III. Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's 28 U.S.C. § 1981 racial discrimination and retaliation claims may proceed against The Shade Tree.

IT IS FURTHER ORDERED that Plaintiff's Complaint, ECF No. 1-1, must be filed on the docket.

IT IS FURTHER ORDERED that the Clerk of Court must issue a summons for Defendant.

IT IS FURTHER ORDERED that the Clerk of Court must send Plaintiff one USM-285 form. Plaintiff **must** complete the form to the best of her ability and return it no later than **August 24, 2026** to:

Gary G. Schofield
U.S. Marshal, District of Nevada
Lloyd D. George Federal Courthouse
333 Las Vegas Blvd. S., Suite 2058
Las Vegas, Nevada 89101

Plaintiff is reminded to review the Nevada Secretary of State, Business Entity search engine to locate the registered agent for Defendant upon whom the Complaint should be served.

IT IS FURTHER ORDERED that the Clerk of Court must deliver the summons, one copy of Plaintiff's Complaint (ECF No. 1-1), and a copy of this Order to the U.S. Marshal Service.

IT IS FURTHER ORDERED that the U.S. Marshal must attempt to effect service of this Order and Plaintiff's Complaint (ECF No. 1-1), together with the Summons, on Defendant no later than twenty-one (21) days after receipt of the completed USM-285 form from Plaintiff.

IT IS FURTHER ORDERED that Plaintiff's hostile work environment claim is dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that if Plaintiff wishes to amend her Complaint she must file the document titled "FIRST AMENDED COMPLAINT" no later than **August 24, 2026**. Plaintiff is advised that her amended complaint must be complete and must include **all** claims she wishes to assert (including her discrimination and retaliation claims) as the First Amended Complaint will replace her original Complaint and failure to include a claim will mean such claim will not proceed.

Plaintiff can choose not to file a First Amended Complaint, her original Complaint will be the operative Complaint and her case will proceed based on her discrimination and retaliation claims.

IT IS FURTHER ORDERED that failure to return the completed USM 285 form will prevent service of the Complaint on Defendant and may result in dismissal of this action without prejudice.

Dated this 3rd day of August, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE